

1  BARLOW LAW
   PATRICIA BARLOW (State Bar No. 135637)
2  1611 Jackson St.
   San Francisco, CA  94109
3  Telephone:  (415) 977-1107
   Facsimile:  (415) 977-1111
4  barlowairlaw@yahoo.com



**FILED**

APR 2 5 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5  Attorneys for Plaintiff
   Salvatore Francesco Bevivino
6

7                 UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9                                                    NC

10  SALVATORE FRANCESCO BEVIVINO  )   CASE NO.
                                   )   **CV 13 1910**
11          Plaintiff,             )   **COMPLAINT**
                                   )
12  vs.                            )
                                   )
13  VIRGIN AMERICA INC.            )
            Defendant              )
14  _____)   DEMAND FOR JURY TRIAL

15

16                        **COMPLAINT**

17  1. Plaintiff Salvatore Francesco Bevivino (hereinafter "plaintiff")

18  brings this action for contemporary and punitive damages based on

19  his personal injuries and damage to reputation and apprehension

20  against Virgin America Inc. This action arises out of an incident at

21  San Francisco International Airport on April 28th, 2013 when

22  plaintiff went to leave the aircraft after a Virgin America flight

23  from Philadelphia to San Francisco and was detained and questioned

24  by the Police and federal agencies at the request of the Captain on

25  the subject flight.

26  2. Plaintiff seeks damages resulting from his personal injuries

27  including damages for emotional and mental distress, disability,

28  punitive damages and damages to reputation, embarrassment,

COMPLAINT

1   humiliation, fright, shock, loss of reputation, and denial of social

2   pleasure and enjoyment, damage to plaintiff's professional

3   reputation resulting in negative damage to plaintiff's career and

4   other damages.

5                **PARTIES, JURISDICTION AND VENUE**

6   3.   Plaintiff is an individual, of Italian ancestry, who is a

7   United States citizen with his principal and permanent residence

8   located at Brisbane, California.

9   4.   Plaintiff is informed and believes and herein alleges, that at

10   all times herein mentioned, defendant Virgin America Inc. provides

11   air transportation services for passengers and cargo and operates

12   flights daily between California and other parts of the United

13   States, including Philadelphia. Defendant Virgin America Inc. is a

14   Delaware corporation, with a place of business at 555 Airport

15   Boulevard, Burlingame, California 94109, which is very near San

16   Francisco International Airport ("SFO"),and it conducts regular,

17   substantial and continuous business in California where it has

18   registered its business with the California Secretary of State, has

19   been issued California Entity Number C2846449 and has nominated C T

20   Corporation System at 818 W. Seventh Street, Los Angeles CA 90017 as

21   its agent for service in California. Further, Virgin America has a

22   place of business in Los Angeles with its cargo facility located at

23   5758 West Century Boulevard, Los Angeles, California 90045 and has an

24   airline ticket office at the Los Angeles International Airport.  At

25   all material times defendant was acting as a common carrier providing

26   air services and was subject to a heightened duty of care to

27   plaintiff as a passenger on the defendant's flight.

28   5.   This Court is vested with federal question subject matter

COMPLAINT                                             2

1  jurisdiction under 28 U.S.C. Section 1331 as the transportation out
2  of which the subject matter of this action arose gives rise to
3  various causes of action pursuant to 49 USC Section 40127
4  (prohibiting discrimination in air transportation); 42 USC Section
5  2000a (prohibiting discrimination or segregation in Places of Public
6  Accommodation); 42 USC Section 1981 (prohibiting denial of equal
7  rights under the law), and 42 USC Section 1983 (prohibiting
8  violations of civil rights under color of state law.

9  6.  Venue lies within this judicial district pursuant to the
10 provisions of 28 U.S.C. Section 1391(b(2).

11 **GENERAL ALLEGATIONS**

12 7.  Plaintiff is a 52 year old male of Italian ancestry and has an
13 Italian first, middle and last name. Plaintiff is of dark complexion
14 and could be mistaken for being from the Middle East because of his
15 appearance.  Attached as **Exhibit A** to this complaint is a photograph
16 of the plaintiff.

17 8.  For the past 6 years plaintiff has been employed at Genentech
18 with the job title "Business Manager Global Pharma" which is a
19 responsible and serious position. In this position plaintiff is
20 subject to ongoing security checks by his employer and having been
21 taken into police custody as set forth in this complaint,
22 plaintiff's employment may be threatened as a consequence of the
23 police and federal agency actions described in this complaint. There
24 are also positions with plaintiff's employer requiring United States
25 Government Security Clearances and plaintiff would not become
26 excluded from applying for these positions.

27 9.  On April 28th, 2012 plaintiff had purchased air transportation
28 on Virgin America Flight No. VX 0141 to fly from Philadelphia to San

COMPLAINT                                                                    3

Francisco. Plaintiff boarded the aircraft for this flight sometime around 5.00pm and was assigned seat 24F where he sat during the flight. Attached as **Exhibit B** is a copy of plaintiff's boarding pass receipt.

10. After takeoff and upon reaching the aircraft's cruise altitude, the plaintiff pressed the flight attendant call button to purchase a soft drink. A male flight attendant came to the plaintiff and pointed to the screen on the back of the seat in front of seat 24F and told the plaintiff to use the screen. Plaintiff stated that he did not desire to make his purchase that way and asked the attendant to bring him a drink. The male flight attendant then left the plaintiff's seat.

11. A second flight attendant then came to assist plaintiff and again plaintiff was told to use the screen to order his soft drink. Plaintiff responded saying to this flight attendant that he assumed he could have a drink brought to him like the other airlines and stated to the attendant that he would consider contacting Virgin America about the situation. Then a third flight attendant brought the plaintiff his soft drink.

12.  The events set forth in paragraphs 10 and 11 above occurred over a 2 minute period. Plaintiff had no further contact with the flight crew during the flight crew other than to order a meal which he did by using the touch screen process required. For the balance of the flight the plaintiff purchased internet access and worked on his laptop.

13.  When the aircraft landed at San Francisco International Airport, the plaintiff walked up to the aircraft door to disembark. At that point the plaintiff was pulled aside by the pilot as a

COMPLAINT                                                            4

person of suspicion and the pilot asked the plaintiff to go with the six uniformed officers that were waiting for the plaintiff at the aircraft door. It transpired that the officers were a mixture of the San Francisco Airport Police, The FBI and other Federal Agencies.

14.   The plaintiff went with the officers whereupon he was segregated and taken into custody against his will, and escorted to a room in front of the other passengers and the crew where he was asked to make a statement. After being segregated, plaintiff was detained against his will by the officers and was not free to leave and this directly and intentionally and maliciously interfered with the plaintiff's right to move freely and plaintiff felt an apprehension that force would have been inflicted upon him if he attempted to leave.

15.   Plaintiff told the officers that he did not know why he had been detained and had his right to move freely interfered with and precluded, and recounted the events of the flight including the events relating to obtaining of his soft drink as set forth above. The officers then continued to detain plaintiff while they obtained a statement from the flight crew and the plaintiff's detention and restriction on his right to freely move was further imposed. Plaintiff continued to feel an apprehension that force would have been inflicted upon him if he attempted to leave.

16.   While the officers were taking statements from the crew, the pilot came over to the plaintiff, while he continued to be detained and was not free to leave, and asked him why he had been yelling obscenities at his crew. The plaintiff told the pilot that he did not use any profanities during his brief 2 minute exchange with the crew regarding the soft drink order.

COMPLAINT

17. The plaintiff was then told by the officers that the crew had stated that the plaintiff had used the cabin toilet during the flight and that he had failed to flush the toilet after use. The officer then told the plaintiff that the matter seemed to be a customer service issue and then the officers gave the plaintiff a release form and told him that he was free to leave. Attached as **Exhibit C** is a copy of the Release/Distension Certificate that plaintiff was provided by the officers when he was told that he was free to leave on April 28th, 2012.

18. Subsequently the plaintiff obtained a copy of the Police Report which states that the Pilot stated that at no time did his crew feel threatened regarding this passenger. Attached as **Exhibit D** is a copy of the Incident Report of the San Francisco Police-Airport Bureau.

19. At all times herein, defendant through the pilot, acted in an arbitrary and capricious manner with respect to this customer service matter and having instigated the taking into custody of the plaintiff was not inimical to the safety or security of the passengers or the aircraft on Virgin America Flight No. VX 0141 from Philadelphia to San Francisco on April 28th 2012, which the defendant's pilot admitted to the police on April 28th, 2012.

20. After plaintiff was released from the police custody he contacted defendant Virgin America by telephone and learned that it is the custom and policy of this airline to provide one-on-one soft drink service to passengers when requested.

## FIRST CAUSE OF ACTION
### NEGLIGENCE

21. Plaintiff incorporates by reference each and every allegation

1  contained in Paragraphs 1 through 20 as though fully set forth.

2  22.   Defendant owed a heightened duty of care to plaintiff to

3  exercise care, diligence and vigilance in the exercise of their

4  contractual duties pursuant to the contract of carriage under which

5  plaintiff was travelling on Virgin America Flight on April 28th

6  2012.

7  23.   Defendant breached that duty when it negligently and without

8  exercise of reasonable care and diligence had plaintiff taken into

9  custody for no rational reason under the cover of a customer service

10  response which was not related to the security or safety of the

11  passengers or aircraft on Virgin American Flight VX 0141 from

12  Philadelphia to San Francisco on April 28th 2012.

13  24.   Defendant further breached its duties by failing to properly

14  and adequately train its cabin staff to provide soft drinks to

15  passengers when asked to do so by passengers, which defendant holds

16  itself out as doing in its provided advertising and customer service

17  information desk information by calling its 1 800 number.

18  25.   Defendant further breached its duty by failing to properly

19  train its pilots and cabin crew to investigate security and safety

20  threats in the cabin on its flights so that they do not escalate a

21  customer service inquiry with a security threat resulting in

22  passengers being wrongfully detained against their will.

23  26.   Defendant further breached its duty by failing to properly hire

24  and train employees and agents to follow the law regarding equal

25  treatment of passengers, and to protect passengers from being

26  unlawfully discriminated against based on perceived national origin,

27  race and ancestry.

28  27.   Defendant knew, or in the exercise of reasonable diligence and

1 | care should have known, that its negligent conduct and actions

2 | described herein would cause injuries and damages to plaintiff.

3 | 28.   As a direct and proximate result of this negligence, plaintiff

4 | has been injured and incurred damages in a sum to be proved at

5 | trial, but including damages in the form of apprehension,

6 | embarrassment, humiliation, mortification, fright, shock, mental

7 | anguish and emotional distress, denial of social pleasures and

8 | enjoyment, and loss of reputation, damage to plaintiff's

9 | professional reputation resulting in negative damage to plaintiff's

10 | career and other damages.

11 | **SECOND CAUSE OF ACTION**

12 | **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

13 | 29.  Plaintiff incorporates by reference each and every allegation

14 | contained in Paragraphs 1 through 28 as though fully set forth.

15 | 30.  Defendant owed a heightened duty of care to plaintiff to

16 | exercise care, diligence and vigilance in the exercise of their

17 | contractual duties pursuant to the contract of carriage under which

18 | plaintiff was travelling on Virgin America Flight on April 28th

19 | 2012.

20 | 31.  Defendant breached that duty when it intentionally and

21 | negligently and without exercise of reasonable care and diligence

22 | had plaintiff taken into custody for no rational reason under the

23 | cover of a customer service response which was not related to the

24 | security or safety of the passengers or aircraft on Virgin American

25 | Flight VX 0141 from Philadelphia to San Francisco on April 28th

26 | 2012.

27 | 32.  Defendant further breached its duties by intentionally failing

28 | to properly and adequately train its cabin staff to provide soft

COMPLAINT                                                                    8

1   drinks to passengers when asked to do so by passengers, which

2   defendant holds itself out as doing in its provided advertising and

3   customer service information desk information by calling its 1 800

4   number.

5   33.   Defendant further breached its duty by intentionally failing to

6   properly train its pilots and cabin crew to investigate security and

7   safety threats in the cabin on its flights so that they do not

8   escalate a customer service inquiry with a security threat resulting

9   in passengers being wrongfully detained against their will.

10   34.   Defendant further breached its duty by intentionally failing to

11   properly hire and train employees and agents to follow the law

12   regarding equal treatment of passengers, and to protect passengers

13   from being unlawfully discriminated against based on perceived

14   national origin, race and ancestry.

15   35.   Defendant knew that its intentional and negligent conduct and

16   actions described herein including its extreme and outrageous

17   conduct of discriminating against plaintiff and violating the law by

18   not treating plaintiff in a manner equal to the way other passengers

19   on the flight were treated would cause injuries and damages to

20   plaintiff in the form of severe emotional distress. Knowing this

21   defendant continued to act in a reckless and intentional manner and

22   arranged to have plaintiff taken into custody for no rational reason

23   when the flight arrived in San Francisco on April 28th 2012.

24   36.   As a direct and proximate result of this intentional reckless

25   and wanton conduct, plaintiff has been injured and incurred damages

26   in a sum to be proved at trial, but including damages in the form of

27   apprehension, embarrassment, humiliation, mortification, fright,

28   shock, mental anguish and emotional distress, denial of social

COMPLAINT                                                                    9

1 pleasures and enjoyment, and loss of reputation, damage to
2 plaintiff's professional reputation resulting in negative damage to
3 plaintiff's career and other damages.

4 **THIRD CAUSE OF ACTION**

5 **TRESPASS TO PERSON/FALSE IMPRISONMENT**

6 37.  Plaintiff incorporates by reference each and every allegation
7 contained in Paragraphs 1 through 36 as though fully set forth.
8 38.  Without lawful justification or privilege, defendant segregated
9 and physically separated plaintiff from the other passengers as
10 plaintiff was about to engage in the disembarkation process from
11 Virgin American Flight VX 0141 from Philadelphia to San Francisco on
12 April 28th 2012.
13 39.  Defendant's actions resulted in plaintiff being segregated by
14 the officers and taken into custody against his will, and escorted
15 to a limited space room in a confined area in front of the other
16 passengers and the crew where he was asked to make a statement.
17 After being segregated, plaintiff was detained against his will by
18 the officers and was not free to leave and this directly and
19 intentionally and maliciously interfered with the plaintiff's right
20 to move freely and plaintiff felt an apprehension that force would
21 have been inflicted upon him if he attempted to leave.
22 40.  Plaintiff was detained in this confined space and interrogated
23 by the police and federal agents and was not free to leave during
24 this interrogation. At all times herein plaintiff felt an inability
25 to controvert or disobey the orders of the police and the federal
26 agents who were also acting as the agents of the defendant Virgin
27 America Inc. with defendant also acting under the guise of state and
28 federal authority.

COMPLAINT                                                          10

41.   Defendant Virgin Atlantic Inc.'s actions sound in trespass to person and are actionable per se and proximately caused plaintiff's damages in the form of apprehension, embarrassment, humiliation, mortification, fright, shock, mental anguish and emotional distress, denial of social pleasures and enjoyment, and loss of reputation, damage to plaintiff's professional reputation resulting in negative damage to plaintiff's career and other damages.

42. At all material times plaintiff felt an inability to controvert or disobey the orders of defendant's agents due to defendant's actions in concert with the San Francisco Airport Police and due to defendant acting under the guise of the state authority. Defendant's discriminatory actions deprived plaintiff of his right under 42 USC Section 2000a, et al and 49 USC Section 40127, et al.

### FOURTH CAUSE OF ACTION

#### 49 USC Section 40127-

#### PROHIBITION OF DISCRIMINATION IN AIR TRANSPORTATION

43.   Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 42 as though fully set forth.

44.   At all material times, defendant was an air carriers engaged in air transportation services and at all material times plaintiff was a passenger on defendant's airline.

45. Without lawful justification or privilege, and acting in an arbitrary and capricious manner, defendant's pilot, acting through federal and state agents, segregated and physically separated plaintiff from the other passengers as plaintiff was about to engage in the disembarkation process from Virgin American Flight VX 0141 from Philadelphia to San Francisco on April 28th 2012. Plaintiff was pulled aside and subsequently detained and interrogated by police

1 and federal agents against his will at defendant's direction as a
2 person of suspicion based on his ancestry, and a mistaken national
3 origin basis given that plaintiff has an appearance as being a
4 person of Middle Eastern ethnicity and origin.  Such action in
5 itself was discriminatory and was arbitrary and capricious and not
6 based on any rational or reasonable basis, was without
7 justification, and violated plaintiff's civil rights.
8 46.   Defendant Virgin Atlantic Inc.'s actions proximately caused
9 plaintiff's damages in the form of apprehension, embarrassment,
10 humiliation, mortification, fright, shock, mental anguish and
11 emotional distress, denial of social pleasures and enjoyment, and
12 loss of reputation, damage to plaintiff's professional reputation
13 resulting in negative damage to plaintiff's career and other
14 damages.

15                          **FIFTH CAUSE OF ACTION**

16                          **42 USC Section 2000a**

17          **PROHIBITION AGAINST DISCRIMINATION OR DEGREGATIONIN**

18                  **PLACES OF PUBLIC ACCOMODATION**

19 47.  Plaintiff incorporates by reference each and every allegation
20 contained in Paragraphs 1 through 46 as though fully set forth.
21 48.  At all material times, defendant was an air carriers engaged in
22 air transportation services and at all material times plaintiff was
23 a passenger on defendant's airline.
24 49.  At all material times herein plaintiff was entitled to full and
25 equal enjoyment of places of public accommodation, without
26 discrimination or segregation on the grounds of race, color or
27 national origin. At all material times herein both the Virgin
28 America aircraft on which plaintiff travelled and San Francisco

COMPLAINT                                                        12

1  Airport are places and locations of public accommodation under the

2  law, as their operations serve the public and affect commerce.

3  50.  Without lawful justification or privilege, and acting in an

4  arbitrary and capricious manner, defendant's pilot, acting through

5  federal and state agents, segregated and physically separated

6  plaintiff from the other passengers as plaintiff was about to engage

7  in the disembarkation process from Virgin American Flight VX 0141

8  from Philadelphia to San Francisco on April 28th 2012. Plaintiff was

9  pulled aside and subsequently detained and interrogated by police

10  and federal agents against his will at defendant's direction as a

11  person of suspicion based on a mistaken national origin basis given

12  that plaintiff has an appearance as being a person of Middle Eastern

13  ethnicity and origin.  Such action in itself was discriminatory and

14  was arbitrary and capricious and not based on any rational or

15  reasonable basis, was without justification, and violated

16  plaintiff's civil rights.

17  51.   Defendant Virgin Atlantic Inc.'s actions proximately caused

18  plaintiff's damages in the form of apprehension, embarrassment,

19  humiliation, mortification, fright, shock, mental anguish and

20  emotional distress, denial of social pleasures and enjoyment, and

21  loss of reputation, damage to plaintiff's professional reputation

22  resulting in negative damage to plaintiff's career and other

23  damages.

24  <b>SIXTH CAUSE OF ACTION</b>

25  <b>42 USC Section 1981</b>

26  <b>PROHIBITION OF DENIAL OF EQUAL RIGHTS UNDER THE LAW</b>

27  52.  Plaintiff incorporates by reference each and every allegation

28  contained in Paragraphs 1 through 51 as though fully set forth.

COMPLAINT                                                          13

53.  At all material times, defendant was an air carrier engaged in commercial air transportation services and at all material times plaintiff was a passenger on defendant's airline. During the passage of commercial air transportation plaintiff was entitled to travel and be free from discrimination in his travel right and to have nondiscriminatory passage and not be treated differently from other passengers when he travelled on commercial air carriage by Virgin America on April 28th 2012.

54.  Without lawful justification or privilege, and acting in an arbitrary and capricious manner, defendant's pilot, acting through federal and state agents, segregated and physically separated plaintiff from the other passengers as plaintiff was about to engage in the disembarkation process from Virgin American Flight VX 0141 from Philadelphia to San Francisco on April 28th 2012. Plaintiff was pulled aside and subsequently detained and interrogated by police and federal agents against his will at defendant's direction as a person of suspicion based on his ancestry, and a mistaken national origin basis given that plaintiff has an appearance as being a person of Middle Eastern ethnicity and origin and plaintiff was in this way not treated in the same way as the other passengers on the flight and was discriminated against.  Such action in itself was discriminatory and was arbitrary and capricious and not based on any rational or reasonable basis, was without justification, and violated plaintiff's civil rights and resulted in plaintiff being singled out and subjected to a separate standard of suspicion than other passengers resulting in different and discriminatory unlawful treatment of plaintiff by defendant.

55.  Defendant Virgin Atlantic Inc.'s actions proximately caused

1  plaintiff's damages in the form of apprehension, embarrassment,

2  humiliation, mortification, fright, shock, mental anguish and

3  emotional distress, denial of social pleasures and enjoyment, and

4  loss of reputation, damage to plaintiff's professional reputation

5  resulting in negative damage to plaintiff's career and other

6  damages.

### SEVENTHTH CAUSE OF ACTION

### 42 USC Section 1983

### PROHIBITION OF DENIAL OF CIVIL RIGHTS UNDER COLOR OF STATE LAW

10  56.  Plaintiff incorporates by reference each and every allegation

11  contained in Paragraphs 1 through 55 as though fully set forth.

12  57.  At all material times, defendant was an air carrier engaged in

13  commercial air transportation services and at all material times

14  plaintiff was a passenger on defendant's airline. At all material

15  times herein defendants acted under the color of California state

16  law and in concert with the San Francisco Airport police in

17  discriminating against, detaining and confining plaintiff against

18  his will at the San Francisco Airport on April 28th 2012.

19  58.  Without lawful justification or privilege, and acting in an

20  arbitrary and capricious manner, defendant's pilot, acting through

21  state agents, segregated and physically separated plaintiff from the

22  other passengers as plaintiff was about to engage in the

23  disembarkation process from Virgin American Flight VX 0141 from

24  Philadelphia to San Francisco on April 28th 2012. Plaintiff was

25  pulled aside and subsequently detained and interrogated by police

26  against his will at defendant's direction as a person of suspicion

27  based on his ancestry, and a mistaken national origin basis given

28  that plaintiff has an appearance as being a person of Middle Eastern

1 | ethnicity and origin.  Such action in itself was arbitrary and
2 | capricious and not based on any rational or reasonable basis, was
3 | without justification, and violated plaintiff's civil rights.
4 | 59.  At all material times plaintiff felt an inability to controvert
5 | or disobey the orders of defendant's agents due to defendant's
6 | actions in concert with the San Francisco Airport Police and due to
7 | defendant acting under the guise of the state authority. Defendant's
8 | discriminatory actions deprived plaintiff of his right under 42 USC
9 | Section 2000a, et al and 49 USC Section 40127, et al.
10 | 60.  Defendant Virgin Atlantic Inc.'s actions proximately caused
11 | plaintiff's damages in the form of apprehension, embarrassment,
12 | humiliation, mortification, fright, shock, mental anguish and
13 | emotional distress, denial of social pleasures and enjoyment, and
14 | loss of reputation, damage to plaintiff's professional reputation
15 | resulting in negative damage to plaintiff's career and other
16 | damages.

## EIGHTH CAUSE OF ACTION

### DAFAMATION

19 | 61.  Plaintiff incorporates by reference each and every allegation
20 | contained in Paragraphs 1 through 60 as though fully set forth.
21 | 62.  At all material times herein the subject aircraft on which
22 | plaintiff travelled, the gate are and retaining offices at the San
23 | Francisco Airport are public places where the travelling public have
24 | visual access and can hear spoken words by the pilot, crew and
25 | police in the gate area and on the aircraft.
26 | 63.  Defendant's cabin crew and pilot defamed plaintiff both by
27 | public statement at the boarding area and in the area where the
28 | police retained plaintiff in custody making false statements about

COMPLAINT                                                              16

1  what plaintiff was alleged to have said and done. These statements

2  were published both verbally and by innuendo in front of the other

3  passengers disembarking from the flight and the general public

4  around the gate area and surrounds.

5  64.  These statements were to the effect that plaintiff had failed

6  to flush the toilet during the flight and that he had used profanity

7  to the flight crew both of which were false. Such defamatory

8  language was also incorporated in the subject and resulting police

9  report.

10  65.  As a direct and proximate result of making these false

11  statements and defaming plaintiff, he may be precluded from future

12  employment promotions should his employer invoke a policy requiring

13  government security checks on persons such as plaintiff. Furthermore

14  plaintiff has suffered extreme humiliation, embarrassment, mental

15  and emotional anguish as a result of defendant's actions.

16  Accordingly plaintiff has been injured and incurred damages in a sum

17  to be proved at trial, but including damages in the form of both

18  compensatory and punitive damages.

19
20

### NINTH CAUSE OF ACTION
### PUNITIVE DAMAGES

21  66.  Plaintiff incorporates by reference each and every allegation

22  contained in Paragraphs 1 through 65 as though fully set forth.

23  67.  At all material times herein defendant's acts were, deliberate,

24  intentional, wanton, malicious and oppressive, and done with wanton

25  disregard of the consequences to plaintiff, and defendant's acts

26  should be punished by an award of punitive damages. Defendant knew

27  that its acts of having plaintiff put under the police and federal

28  agency custody without freedom to leave would result in harm to

1  plaintiff.

2      WHEREFORE, as a legal and proximate cause of the acts or

3  omissions of the defendant as set forth in this complaint, plaintiff

4  demands judgment as follows:

5    1. For general damages according to proof but no less than

6        $500,000.00;

7    2. For special damages according to proof;

8    3. For punitive damages;

9    4. For costs of suit incurred herein;

10   5. Attorney Fees, and

11   6. For such other and further relief as the court may deem proper.

12

13   **A jury trial is hereby demanded on all issues**

14

15   DATED: April 25th 2013

16                                    Patricia Barlow
                                     Attorney for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28



EXHIBIT B



**EXHIBIT C**

## RELEASE/DETENTION CERTIFICATE

*As required by the provisions of Penal Code Section 851.6, I hereby*

*certify that the taking into custody of* SALVATORE F DEVINING

*on* 042812 *by the* SFPD-AIRPORT BUREAU
   (Date)                          (Name of Agency Taking Custody)

*was a detention only, not an arrest.*

SALVATORE F DEVINING *was released on* 042812
   (Subject's Name)                              (Date)

*by the* SFPD-AIRPORT BUREAU . *Pertinent portions of Penal*
   (Name of Releasing Agency) ;

*Code Sections 849, 849.5 and 851.6 are included below.*

Signed:

Title and ID No. :

### PENAL CODE SECTION 849 PROVIDES, IN PART:

*(a) When an arrest is made without a warrant by a peace officer or private person, the person arrested, if not otherwise released, shall, without unnecessary delay, be taken before the nearest or most accessible magistrate in the county in which the offense is triable, and a complaint stating the charge against the arrested person be laid before such magistrate.*

*(b) Any peace officer may release from custody, instead of taking such person before a magistrate, any person arrested without a warrant whenever:*

*(1) He is satisfied that there are insufficient grounds for making a criminal complaint against the person arrested.*

*(2) The person was arrested for intoxication only, and no further proceedings are desirable.*

*(3) The person was arrested only for being under the influence of a narcotic, drug, or restricted dangerous drug and such person is delivered to a facility or hospital for treatment and no further proceedings are desireable.*

*(c) Any record of arrest of a person released pursuant to paragraphs (1) and (3) of subdivision (b) shall include a record of release. Thereafter, such arrest shall not be deemed an arrest, but a detention.*

### PENAL CODE SECTION 849.5 PROVIDES:

*In any case in which a person is arrested and released and no accusatory pleading is filed charging him with an offense, any record of arrest of the person shall include a record of release. Thereafter, the arrest shall not be deemed an arrest, but a detention only.*

### PENAL CODE SECTION 851.6 PROVIDES, IN PART:

*(a) In any case in which a person is arrested and released pursuant to paragraph (1) or (3) of subdivision (b) of Section 849, the person shall be issued a certificate, signed by the releasing officer or his superior officer, describing the action as a detention.*

*(b) In any case in which a person is arrested and released and no accusatory pleading is filed charging him with an offense, the person shall be issued a certificate by the law enforcement agency which arrested him describing the action as a detention.*

**INCIDENT REPORT**

**Agency Name:** San Francisco Police - Airport Bureau

**ORI:** CA0412500

**Case#:** 12-11959

**Date / Time Reported:** SA Apr 28, 2012   20:46

| | Type of Incident | | | |
|---|---|---|---|---|
| #1 | COURTESY REPORT | Statute: COUR | ☐ Att ☑ Com | Occurred From: SA Apr 28, 2012   20:46 |
| #2 | Type of Incident | Statute: | ☐ Att ☐ Com | Occurred To: SA Apr 28, 2012   20:46 |
| #3 | Type of Incident | Statute: | ☐ Att ☐ Com | |

**Location of Incident:** VIRGIN FLIGHT VRD141, INDIANA AIRSPACE

**Premise Type:** Air/Bus/Train Terminal

**MO**

**How Attacked or Committed**

**Weapon / Tools** — **Forcible Entry** ☐ Yes ☐ No ☑ N/A

**# Victims** 0  **Type**   **Injury**

**VICTIM**

| VI | Victim/Business Name (Last, First, Middle) | Victim of Crime # | Age / DOB | Race | Sex |
|---|---|---|---|---|---|
| | | Relationship to Offenders | | | |

**Home Address** — **Home Phone**

**Employer Name/Address** — **Business Phone** — **Cell Phone** (510) 459-2762

| VYR | Make | Model | Style | Color | Lic/Lis | VIN |
|---|---|---|---|---|---|---|

**OTHERS INVOLVED**

CODES: V- Victim (Denote V2, V3)  D=Detained  F= Found  P=Parent  N= Notify  R = Reporting Person (if other than victim)

| Code | Name (Last, First, Middle) | Victim of Crime # | Age / DOB | Race | Sex |
|---|---|---|---|---|---|
| RP1 | ▓▓▓▓▓ | | | | |

**Home Address** ▓▓▓▓▓ — **Home Phone**

**Employer Name/Address** Virgin America — **Business Phone** ▓▓▓▓▓

| Code | Name (Last, First, Middle) | Victim of Crime # | Age / DOB | Race | Sex |
|---|---|---|---|---|---|
| RP2 | ▓▓▓▓▓ | | | | |

**Home Address** ▓▓▓▓▓ — **Home Phone**

**Employer Name/Address** Virgin America — **Business Phone** (650) 762-7200

**Status Codes:** L = Lost  S = Stolen  R = Recovered  D = Damaged  Z = Seized  B = Burned  C = Counterfeit / Forged  F = Found  E = Evidence

| UCR | Status | Value | Item# | QTY | Property Description | Make/Model | Serial Number |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**PROPERTY**

**Number of Vehicles Stolen** 0   **Number Vehicles Recovered** 0

**ID RELEASE**

**Officer Signature** (147) TABO, EDGAR

**Supervisor Signature** ▓▓▓▓ LOCK, RAYMOND

**Released to Signature**   **Released By**   **Date**

CONFIDENTIAL
NOT TO BE DUPLICATED
RELEASED FOR:
DATE: 5-25-12   Witham Ballou
DESTROY WHEN
NO LONGER NEEDED
GREG MUNKS, SHERIFF
COUNTY OF SANMATEO

**Printed at:** 4/30/2012 06:58   Page: 1

# INCIDENT REPORT

San Francisco Police - Airport Bureau

Case# 12-11959

| Status Codes | L = Lost   S = Stolen   R = Recovered   D = Damaged   Z = Seized   B = Burned   C = Counterfeit / Forged   F = Found   E = Evidence | | | |
|---|---|---|---|---|
| **Status** | **Quantity** | **Type Measure** | **Suspected Drug Type** | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**DRUGS**

| | Offender 1   D 1 | | Offender 2 | | | Offender 3 | | |
|---|---|---|---|---|---|---|---|---|
| | Age: 51   Race: W   Sex: M | | Age:   Race:   Sex: | | | Age:   Race:   Sex: | | |
| | Offender 4 | | Offender 5 | | | Offender 6 | | |
| | Age:   Race:   Sex: | | Age:   Race:   Sex: | | | Age:   Race:   Sex: | | |

**OFFENDER**

| Name (Last, First, Middle)   D 1     Bevivino, Salvatore | | | | Home Address   452 Alvarado St., Brisbane, CA 94005 | | |
|---|---|---|---|---|---|---|
| Occupation | | | Business Address   Genetech / 1 DNA WAY SSF CA. 94080 | | | |
| DOB. / Age   4/11/1961   51 | Race   W | Sex   M | Hgt | Wgt | Build | Hair Color | Eye Color |
| | | | | | Hair Style | Hair Length | Glasses |
| Scars, Marks, Tatoos, or other distinguishing features (i.e. limp, foreign accent, voice characteristics) | | | | | | | |
| Hat | Shirt/Blouse | | Coat/Suit | | | Socks | |
| Jacket | Tie/Scarf | | Pants/Dress/Skirt | | | Shoes | |
| Was Suspect Armed?   Type of Weapon | | | Direction of Travel | | | Mode of Travel | |
| VYR   Make | Model | Style/Doors   Color | Lic/Lis | | Vin | | |
| Suspect Hate / Bias Motivated:   ☐ Yes   ☒ No | | Type: | | | | | |

**SUBJECT**

| Name (Last, First, Middle) | | D.O.B. | Age | Race | Sex |
|---|---|---|---|---|---|
| Home Address | | Home Phone | Employer | | Phone |

**WITNESS**

## Suspicious Occurrence

Dispatch sent me (6C51B) to Terminal 2, Gate 54A, regarding a passenger fighting with the flight crew. (6C52) Ofc.Museluman #1711 and (6C72B) Ofc. Dear #855 were also on scene. I arrived and met with (R1)▮▮▮▮ who is the flight Captain of Virgin America flight VRD141, Philadelphia to San Francisco. ▮▮▮▮ told me that his flight crew informed him about a passenger who was using profanities and not listening to instructions during the flight. ▮▮▮▮ believes that they were an hour into the flight and above Indiana airspace when this incident occurred. ▮▮▮▮ also told me that at no time did he or his flight crew feel threatened regarding this passenger.

I next spoke with (R2)▮▮▮▮ who is a flight attendant aboard flight VRD141 and she told me that the passenger, later identified through his Ca. driver's license as (D) Bevivino, asked for a beverage and ▮▮▮▮ told him that the menu was on the computer screen. Bevivino refused to look at the menu and stated, "My time is precious, you are here to serve me." ▮▮▮▮ ignored Bevivino and a few minutes later, Bevivino went to the restroom, came back out with a smile on his face and

CONTROLLED
▮▮▮▮
DUPLICATED

GREG MUNKS, SHERIFF
SAN MATEO COUNTY

## Incident / Investigation Report

| *San Francisco Police - Airport Bureau* | **Case#** *12-11959* |
|---|---|

### Officer's Narrative (continued)

began using profanities. ▓▓▓▓▓ passed by the restroom and saw that Bevivino left the door open and did not flush the toilet. ◀▓▓▓▓ thinks Bevivino was not talking to anyone in general but just talking out loud.

(6B113) Sgt. Lock #1369 and (6B109) Sgt. Halley #1163 arrived on scene. Bevivino exited the plane and he was detained in front of Gate 54A. Sgt. Lock advised me to contact the FBI. TSA Shih was also on scene along with ADM Walsh. I spoke with Special Agent Paul Howard of the FBI and advised him of this incident. A records check through dispatch revealed no wants or warrants for Bevivino.

Bevivino told me that he was having problems ordering a drink with the on board computer and asked the flight attendant for help. Bevivino stated that the flight attendant ignored him and he became frustrated. Ofc. Dear issued an 849(b) PC Release/Detention Certificate to Bevivino (see attached) and he was released from the scene.

Attachments : Release/Detention certificate



CONTROLLED DOCUMENT NOT TO BE DUPLICATED

GREG MUNKS, SHERIFF
SAN MATEO COUNTY

# PROOF OF SERVICE

United States District Court For The Northern District Of California

I am employed in the County of San Francisco, State of California, I am over the age of eighteen years, and not a party to the within action. My business address is 1611 Jackson St, San Francisco, California 94109.

On April 25TH, 2013, I served the document(s) described as:
- **SUMMONS**
- **COMPLAINT**
- **CIVIL COVER SHEET**

on the parties in this action addressed as follows:
SEE SERVICE LIST BELOW

in the following manner:

☐ (BY FAX): by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☐ (BY EMAIL): by emailing the document as a PDF document(s) listed above

☐ (BY MAIL): as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

✓ **(BY OVERNIGHT DELIVERY): I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.**

☐ (BY PERSONAL SERVICE): I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ (BY CM/ECF): by electronic filing system with the clerk of the Court which will send a Notice of Electronic Filing to all parties with an e-mail address of record, who have filed a Notice of Consent to Electronic Service in this action.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 25TH, 2013 at San Francisco, California.

_____
Georgina Otto

SERVICE LIST
C T CORPORATION SYSTEM
818 W SEVENTH STREET
LOS ANGELES
CA 90017