UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SALVATORE F. BEVIVINO,

    Plaintiff,

    v.

VIRGIN AMERICA INC.,

    Defendant.

_____/

No. C 13-1910 PJH

**ORDER DISMISSING CASE**

    Defendant Virgin America Inc.'s motion to dismiss came on for hearing before this court on August 28, 2013. Plaintiff Salvatore Bevivino ("plaintiff") appeared through his counsel, Patricia Barlow. Defendant Virgin America Inc. ("defendant") appeared through its counsel, Richard Grotch. Having read the papers filed in conjunction with the motion and carefully considered the arguments and relevant legal authority, and good cause appearing, the court hereby rules as follows.

    This case arises primarily out of plaintiff's detention by law enforcement after flying on a Virgin America flight. Plaintiff was a passenger on a flight operated by defendant, flying from Philadelphia to San Francisco on April 28, 2012. According to the complaint, plaintiff pressed the flight attendant call button to ask for a soft drink, and the flight attendant told plaintiff to use the automated touchscreen on the seat-back in front of him. Complaint, ¶ 10. Plaintiff told the attendant that he did not want to use the touchscreen, and asked the attendant to bring him the drink. Id. The attendant then left, and a second flight attendant came to plaintiff's seat. Id., ¶ 11. The second attendant also told plaintiff to use the touchscreen to order. Id. Plaintiff responded by saying that he "assumed that he could have a drink brought to him like the other airlines" and that he "would consider

contacting Virgin America about the situation." Id.  A third flight attendant then brought plaintiff his soft drink.  Id.  Plaintiff alleges that these events occurred "over a 2 minute period," and that he had "no further contact with the flight crew during the flight." Id., ¶ 12. Plaintiff then alleges that, when the plane arrived at SFO, he "was pulled aside by the pilot as a person of suspicion" and asked "to go with the six uniformed officers that were waiting for the plaintiff at the aircraft door." Id., ¶ 13.  Plaintiff went with the officers, where he alleges that he was "segregated and taken into custody against his will, and escorted to a room in front of the other passengers and the crew" and asked for a statement. Id., ¶ 14. While plaintiff was being questioned, the pilot "came over to the plaintiff" and asked "why he had been yelling obscenities at his crew." Id., ¶ 16.  Plaintiff replied that he did not use any profanities.  Id.  The officers then told plaintiff that the crew stated that plaintiff "had used the cabin toilet" and had "failed to flush the toilet after use." Id., ¶ 17.  The officers then told plaintiff that this appeared to be a "customer service issue," and gave him a release form, telling him that he was free to leave.  Id.

On April 25, 2013, plaintiff filed the complaint in this case, asserting nine causes of action against defendant: (1) negligence, (2) intentional infliction of emotional distress, (3) trespass to person / false imprisonment, (4) discrimination in air transportation under 49 U.S.C. § 40127, (5) discrimination in places of public accommodation under 42 U.S.C. § 2000a, (6) "denial of equal rights" under 42 U.S.C. § 1981, (7) "denial of civil rights under color of state law" under 42 U.S.C. § 1983, (8) defamation, and (9) "punitive damages." Plaintiff's discrimination-based claims are based on the allegation that he "is of dark complexion and could be mistaken for being from the Middle East because of his complexion." Complaint, ¶ 7.

As an initial matter, "punitive damages" is not a standalone claim, and plaintiff already includes a request for punitive damages in his prayer for relief .  Accordingly, plaintiff's ninth cause of action is DISMISSED without leave to amend.

Turning to the merits of plaintiff's claims, the court notes that plaintiff asserts federal question jurisdiction as the sole basis for this court's jurisdiction, so the court will address

2

Case4:13-cv-01910-PJH   Document22   Filed09/09/13   Page3 of 5

plaintiff's federal causes of action (i.e., his fourth, fifth, sixth, and seventh causes of action) first. Three of plaintiff's federal causes of action are premised on his allegation that he was discriminated against due to his race or national origin. Specifically, plaintiff's fourth cause of action brought under 49 U.S.C. § 40127, which provides that "[a]n air carrier or foreign air carrier may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry." Plaintiff's fifth cause of action is brought under 42 U.S.C. § 2000a, which forbids "discrimination or segregation on the ground of race, color, religion, or national origin" in places of public accommodation. Plaintiff's sixth cause of action is brought under 42 U.S.C. § 1981, which provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." For each of these claims, plaintiff alleges that he was detained and interrogated "as a person of suspicion based on a mistaken national original basis given that plaintiff has an appearance as being a person of Middle Eastern ethnicity and origin." Complaint, ¶¶ 45, 49, 54. However, even if plaintiff could state a claim for discrimination based on his perceived ethnicity, as opposed to his actual ethnicity (plaintiff describes himself as a U.S. citizen of Italian descent, Id. at ¶ 3), plaintiff provides no facts supporting the allegation that defendant's employees actually perceived him to be Middle Eastern. In fact, at the hearing, plaintiff's counsel admitted that "it is a question of 'may,'" and argued that plaintiff merely needed to raise a suspicion that he was discriminated against based on his perceived race. Plaintiff's counsel is mistaken on this point. Even at the pleading stage, plaintiff must allege facts that "permit the court to infer more than the mere possibility of misconduct" in order to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Plaintiff's complaint did no more than raise the possibility of misconduct, and plaintiff has not been able to allege additional facts (either in briefing or at the hearing) that would "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, plaintiff's fourth, fifth, and sixth causes

3

of action are DISMISSED without leave to amend.

Plaintiff's seventh cause of action is brought under 42 U.S.C. § 1983, which imposes liability for any "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" effected "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." Plaintiff claims that his rights were violated when he was detained "at defendant's discretion as a person of suspicion based on his ancestry, and a mistaken national origin basis given that plaintiff has an appearance as being a person of Middle Eastern ethnicity and origin." Complaint, ¶ 58. However, plaintiff's own allegations defeat his claim, as a section 1983 claim requires state action, whereas plaintiff alleges that he was detained "at defendant's [i.e., Virgin America's] discretion." Id. Thus, plaintiff has not alleged that his rights were violated by a defendant acting under color of state law. Nor can he allege that defendant's report to the police turned it into a joint state actor, because the mere making of a police report is insufficient to turn a private entity into a state actor. See, e.g., Ibrahim v. Dept. of Homeland Security, 538 F.3d 1250, 1257-58 (9th Cir. 2008). Moreover, reports to law enforcement are privileged under Cal. Civil Code § 47. Accordingly, plaintiff's seventh cause of action is DISMISSED without leave to amend.

As to plaintiff's remaining claims, all of which are brought under state law, the court first notes that "when a citizen contacts law enforcement personnel to report suspected criminal activity and to instigate law enforcement personnel to respond, the communication also enjoys an unqualified privilege under [Cal. Civil Code] section 47(b)." Hagberg v. California Federal Bank FSB, 32 Cal.4th 350, 364 (2004). Thus, to the extent that plaintiff's claims are premised on defendant's report to the police, they are barred by the privilege. To the extent premised on other conduct, plaintiff's claims may be viable. And because all of plaintiff's state law claims appear to allege conduct in addition to the police report, defendant's motion to dismiss plaintiff's first, second, third, and eighth causes of action for failure to state a claim is DENIED.

However, because plaintiff no longer has any federal claims pending, the court

declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims, and hereby DISMISSES them for lack of subject matter jurisdiction. As to plaintiff's first, second, third, and eighth causes of action only, the dismissal is without prejudice to filing those claims in state court.

**IT IS SO ORDERED.**

Dated: September 9, 2013

PHYLLIS J. HAMILTON
United States District Judge